IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MIGUEL E. GARCIA.,

                    Plaintiff,              OPINION AND ORDER

    v.

                                        20-cv-135-slc

CAPT. SANCHEZ and  JOHN DOE,

                    Defendants.

---

*Pro se* plaintiff Miguel Garcia has been granted leave to proceed in this § 1983 suit on Eighth Amendment failure-to-protect claims against defendants Nicholas Sanchez and John Doe.  Garcia's claims arise from an incident at Waupun Correctional Institution on November 9, 2019, in which he was attacked in his cell by four other inmates.  Before the court is defendant Sanchez's motion for summary judgment on the ground that Garcia failed to exhaust his administrative remedies.  (Dkt. 21.)  Sanchez argues that summary judgment is appropriate because the only inmate complaint Garcia filed related to the November 9, 2019 assault was rejected as untimely, having been submitted in October of 2020, and Garcia failed to appeal that rejection to the appropriate reviewing authority.  For reasons stated below, I am granting the motion and dismissing the complaint.[1]

## OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation.  *Woodford v. Ngo,*

---

[1] Garcia has not yet amended his complaint to identify the Doe defendant.  As Sanchez points out, however, Garcia's failure to timely file an administrative grievance concerning the November 9, 2019 incident necessarily means that his claim against the Doe defendant is unexhausted as well.  Accordingly, the court will dismiss the complaint in its entirety.

548 U.S. 81, 88-89 (2006).  Generally, to comply with § 1997e(a), a prisoner not only must assert a claim at the relevant prison, but also must properly take each step within the administrative process that are in the place at the time, as the prison's administrative rules require.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and (2) filing all available appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The State of Wisconsin requires prisoners to file a grievance within 14 calendar days after the occurrence giving rise to the complaint, although the Institution Complaint Examiner ("ICE") may accept a late complaint for good cause. Wis. Admin. Code § DOC 310.07(2).  If the ICE rejects a complaint for failing to meet the proper criteria under DOC 310.07, then the inmate may appeal the rejection to the appropriate reviewing authority within 10 days.  § DOC 310.10(10).

The exhaustion requirement is mandatory, *Woodford*, 548 U.S. at 85, and failure to exhaust requires dismissal of a prisoner's case.  *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  Because exhaustion is an affirmative defense, however, defendants bear the burden of establishing that plaintiff failed to exhaust.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  At the summary judgment stage, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In this case, it is undisputed that Garcia filed only one inmate complaint related to the  November 9, 2019 incident:  CCI-2020-18374.  The Institution Complaint Examiner received this complaint on October 21, 2020 and acknowledged it on October 22, 2020, nearly one year after the incident.  Garcia asserted, however, that he had originally filed an

inmate complaint about the same occurrence back on January 12, 2020, but for reasons unknown it had never made it to the ICE's office.

The ICE rejected the complaint on the ground that it was untimely, having been filed more than 14 days after the occurrence. In the "rejection comment," the ICE noted that Garcia had not argued that he had good cause for his late filing and he had not presented evidence showing that he was "denied the use of or inhibited in any way from using the ICRS since the date of the occurrence." (Dkt. 24-2.) The ICE further noted that although Garcia claimed that he wrote to various security supervisors at Waupun, that fact alone did not extend the time limit for filing a complaint. Accordingly, the ICE found no good cause for the late filing, and rejected Garcia's complaint.

The ICE informed Garcia that, under DOC 310.10(10), he could appeal the rejection of his complaint within 10 days to the appropriate reviewing authority. (Dkt. 24-2, at 3.) The notice told Garcia what form he should use and where he should mail it. Instead of following this process, however, Garcia attempted to appeal the rejection of his complaint to the Corrections Complaint Examiner's office. On November 25, 2020, the CCE's office returned Garcia's appeal, explaining that the CCE shall not review a rejected complaint under DOC 310.12(4)(b). (Dkt. 24-3, at 1.)

Garcia acknowledges that he filed his grievance outside the 14-day time limit and that he did not appeal the rejection of his grievance to the proper reviewing authority on appeal. Nonetheless, he argues that this court should deem his complaint exhausted because (1) a correctional officer at Dodge Correctional Institution (to which Garcia was transferred temporarily right after the attack pending a transfer to Columbia Correctional Institution) told him he should attempt to resolve his complaint informally before filing a grievance and if that did not work, to wait to file it until he arrived at Columbia; (2) Garcia transferred institutions, and therefore he was unable to find out the names of the inmates who had

jumped him at Waupun; (3) the initial grievance that he filed on January 12, 2020 was lost; and (4) he did not know who the proper reviewing authority was on appeal. (Dkt. 45).

As Sanchez points out, Garcia does not claim that he was physically unable to file a timely grievance about the November 9, 2019 incident. His other excuses are insufficient to raise a question of fact sufficient to preclude summary judgment. Notably, Garcia does not (1) explain why his inability to identify his attackers prevented him from complaining about Sanchez's alleged prior knowledge and failure to protect him from the attack; (2) provide the name of the Dodge correctional officer who supposedly misled him into believing that he could wait to file his grievance until he was transferred; (3) explain why, after arriving at Columbia around December 9, 2019, he did not file his grievance until January 12, 2020; or (4) explain why, after getting no response to his inquiries about his "lost" January 12 grievance, he waited another 9 months to refile it. As Sanchez points out, Garcia has properly filed and appealed other inmate complaints since 2014, *see* dkt. 24-1, so he cannot reasonably argue that he was not aware of the 14-day time limit.

Finally, even if Garcia could somehow show that he did all he was supposed to do to comply with Wisconsin's administrative rules at the front end of the grievance process, he has no valid excuse for his failure at the back end. Garcia's claim that he "was never told" how to appeal the ICE's rejection of his complaint is contradicted squarely by the ICE rejection notice, which specifically advised Garcia of the steps he needed to take and where his appeal should be sent.

In sum, the undisputed facts show that Garcia failed to file a timely inmate complaint concerning the events at issue in this lawsuit, he failed to properly appeal the rejection of that complaint, and he has failed to show good cause for either omission. Accordingly, his complaint must be dismissed without prejudice for his failure to comply with 42 U.S.C. §

1997e(a)'s exhaustion requirement.   *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that defendant Nicholas Sanchez's motion for summary judgment (dkt. 21) is GRANTED.   Plaintiff Miguel Garcia's deliberate indifference claims against Sanchez and the Doe Defendant are DISMISSED WITHOUT PREJUDICE for his failure to exhaust his administrative remedies.   Sanchez's motion for failure to prosecute (dkt. 42) is DENIED as moot.

Entered this 9th day of June, 2021.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge